People v Williams
2026 NY Slip Op 04083
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY WILLIAMS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
402 KA 24-00043
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 20, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied 589 US 1302 [2020]; People v Moody, 240 AD3d 1323, 1324 [4th Dept 2025], lv denied 44 NY3d 1012 [2025]), and the valid waiver encompasses defendant's challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Finally, we note that the certificate of disposition incorrectly recites that defendant was convicted of criminal possession of a controlled substance in the third degree, and it must be amended to reflect that he was convicted of attempted criminal possession of a controlled substance in the third degree (see generally People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court